The next case on the calendar is Urrutia v. Target Corporation. Good morning. May it please the Court, Phil Monnier. I'll be speaking for the appellant today. We're here today because we believe the defendant failed to meet its burden of proof on the summary judgment motion below to demonstrate that there was no issue of fact as to whether or not the condition on the store's floor was visible and apparent. And by visible and apparent, the courts have interpreted that to mean capable of being seen. Whether it's hardly noticeable or difficult to see really is beside the point. The evidence that was in the record below was that Ms. Urrutia saw the condition 45 minutes before the accident and that although she didn't see it immediately prior to the accident, she saw it after the accident. Her son who was with her saw it on the floor after the accident and the store's team leader, Target's employee, saw it following the accident. Doesn't the proof depend upon it being there as well 40 minutes before, 45 minutes before? Yes, Judge, because 45 minutes before... In which case they would have had time to clean it up but failed to do it. Exactly, Judge. And the district court agreed that the evidentiary record established, or Lisa Joy would be able to conclude, that it was there for an unreasonable amount of time based upon the plaintiff's testimony. Where the court went off on a tangent was because she discounted the evidentiary record because she required some kind of corroborating evidence. Well, first of all, there are two points, right? There's the corroborating evidence issue but also didn't the judge also discredit the first statement because she didn't see it later, found a conflict in her testimony that she didn't see it the second time but she did see it the first time and drew a conclusion from that? Yes, Your Honor, the judge said that the plaintiff's testimony belied the fact that the condition was visible and apparent because she failed to see it immediately prior to the accident and the plaintiff testified that... Your point is that she wasn't paying attention to it. Well, she testified at a deposition that she wasn't looking down immediately. She wasn't looking down and to the extent that it might have been in her mind, she figured, well, it might have been cleaned up. She also said there was time for them to clean it up but she didn't look down. She did look down before, she didn't look down the second time. That's in the record, right? Yes, Judge. And also as far as the corroboration is concerned, didn't she... Isn't there testimony both from her son and from her that even though the son didn't see it the first time, she told the son at the first time that the water was there and the son corroborates that? Yes, Judge. The son testified that the mom mentioned it to him as they were walking into the store. I would ask the other side this, I guess, but that seems to me some form of corroboration. It's a prior consistent statement anti-dating any motive to fabricate. Well, not only that, Judge, but I disagree that any corroborating evidence is even necessary. The three cases cited in all the briefs, Rivera, King, and Nevada, they're cited in the reply brief and it's the exact situation. There was water on the floor. The plaintiff did not see it immediately prior to the accident and in each of those cases it was confirmed to be there following the accident by the defendant's employee and the court found that that alone demonstrated that there was an issue of fact as to whether or not the condition was visible and apparent. Every series says this case like Cantaloupa suggests that testifying that you saw the spill before isn't in all circumstances enough to raise a material issue of fact. Judge, Cantaloupa involved a puddle of water in the middle of an 800 square foot dance floor crowded with people. There was an obstruction for the employees to see and so there was an issue, even though someone had seen the particular puddle on the dance floor prior to the accident, 20 minutes, whatever it was, there was an issue that the stores or the club's employees weren't able to see because it was obstructed by the crowd. There's nothing in this case that says the water was obstructed. Let me ask and I'm just trying to make sure I understand the record. In Cantaloupa, as you characterized it, it's a crowded dance floor. Someone testified, I saw this puddle, and it's a very summary decision, as you know, but we're reading it to say, well, the employer's employees couldn't have seen the spill because it was a crowded dance floor and there's no testimony anybody else saw it, so the fact that this one person said, when I was dancing right over it, I saw it, not enough to create a material issue. They couldn't have seen it and taken care of it. Here you have a clear liquid that after the fact, at least, is said to be a small amount of liquid, and it's on a whitish floor. There's video of people walking by that aisle, and they don't try to avoid anything that's visible. If you add all the facts together, is it like Cantaloupa? I guess that's what I'm asking. I don't believe so, Judge. The difference is that the fact that the water may have been difficult to see is not alone, doesn't eliminate the issue of fact from the case, and that was by the four department cases that came to that conclusion. Plus, there was a confirmation, as in both the Rivera case and the King case, by the store's employees following the accident that the water was there, and I think that takes it out of the Cantaloupa case. Also, the defendant claimed that there was an inscription. Did the plaintiff testify as to how much water she first saw compared to the so-called half a cup or whatever it was? Right, Judge. She never was able to quantify the amount of water that she saw walking through. It was quantified by the incident report following the accident, by the testimony of the witnesses. There was also testimony that some of the water may have been wiped up by the plaintiff's clothing as a result of the fall. Right, right. Did she use the word medium to describe the spill? For what that's worth, Judge, yes. I'm just saying, she did say medium. Right, right. Mr. Monier, the son testified that when his mother told him about her first observation of liquid, he said he didn't see the liquid, right? I mean, according to . . . anyway, according to the decision from the district court, he did not see the liquid himself. I think what he said was he didn't look to see what she was talking about, but he heard her mention it, and that they were walking through the store. I think his son is with them. He said, I saw it too, right? Well, that's true, Judge, but he didn't say, I looked down and I didn't see it. But he didn't say, I did see it. That's true. Doesn't that make it more similar to that case involving the dance floor? In other words, in that case, there was liquid on the floor. It was sometime before the accident occurred, but the decision was made that, you know, under those circumstances, that wasn't sufficient time for the court, for the operator to clean it up. So isn't this similar to that? It's almost as if someone is saying, well, she says it was there, but it really wasn't visible enough sufficiently in advance of the incident to give rise to constructive notice. It's different for the following reasons, Judge. Number one, because it might have been difficult to see does not mean that it wasn't capable of being seen. Well, she said she saw it. Right. And also they saw the water following it. And then on the dance floor, maybe that wasn't capable of being seen because of the obstructing crowd. So I think that's why it's different. Also, in both the Rivera and the King case, the court specifically said in response to the defendant's testimony that it was hard to see, it was hardly noticeable, it was difficult to see. In each of those cases, the court said no. There's an issue of fact that has to be resolved by the trier of the facts because the water was observed immediately following the accident by the store's employee. And those cases aren't very long. They're not very analytical. But based upon the totality of the facts here, the fact that she saw it 45 minutes before, the fact that an inspection was done by the target employee 15 minutes before, but it was done negligently because he failed to observe the water, the fact that immediately following the accident, both the plaintiff, the son, and the store employee saw the water, and the fact that the plaintiff did not see it immediately prior to the accident doesn't belie the visibility of the condition. It only indicated that she wasn't looking down immediately prior to the accident. And if there aren't any other questions, I think I covered my place. Reserve some rebuttal time. Yes, thank you, Judge. May it please the court. On behalf of Target Corporation, my name is Brian Morrissey. We suggest first that it's the plaintiff's burden to establish a prima facie case as to whether the water was visible and apparent on the motion. There's testimony that it was visible and apparent, right? There's direct testimony. The plaintiff says, I saw it on the floor 40 to 45 minutes before I slipped in it. So that direct evidence is visible. It would be generous. You could discredit that, obviously. At trial, there'd be lots of good cross-examination that you, for example, might use, among which would be, well, if you saw it 40 minutes ago, why did you slip in it 40 minutes later, to suggest that she's making it up. But she says that she saw it 40 minutes earlier. One thing she never said is that it was the same water. She saw water. She said she saw water first and water afterwards. The jury could draw the inference that it was the same or it wasn't the same. A jury could. And they could draw the inference that she's lying or that she's not lying. But she did say she saw water. She said she mentioned it to her son. Her son said, I didn't pay much attention. My mom mentioned something. He's not even clear as to what she mentioned. Some reference to the fact that she noticed it and said it, and her son acknowledges that she mentioned something about that. Indeed, her son later testified and used the ---- It would have been better for the plaintiff then if the son had said, I didn't see it and I didn't hear her say anything about it. He didn't say that. Under oath, he did not say that. But what he did say under oath was that the water was not noticeable. At his deposition, as to the incident, he said that water was not noticeable. This was after the accident, however. Correct. Well, he's thinking back to immediately before the accident. It was not noticeable. And I think that really strikes at the distinguishing characteristics of this case from all of the other cases. This half cup of clear liquid on an off-white floor, when taken in the totality of the circumstances, including the video, shows that it compares favorably to all of the other cases we're talking about where detergents ---- He wasn't paying much attention. But his mother said there was some. Not that he looked and couldn't find it. I don't disagree with your characterization. But I would reiterate that he said, my mother mentioned something at the time I didn't pay much attention. And then later he says that because there wasn't any notice wet floor or and it wasn't noticeable at page 22 of his deposition. This is the thinnest. Yeah, but I mean, you know, these are different statements. Obviously, for a fact finder to sort out, it would seem to me. Perhaps at best, though, it shows that the water was there beforehand. Indeed, that's what the district court found and granted the point of that in deciding the case. What the court said was that this simply was not visible and apparent. And I think that decision is consistent with all of the cases, the state court cases and the district court cases, and indeed this court's case. Well, what she said was that there wasn't corroborating evidence that it was visible and apparent, right? Plaintiff ---- That begs the question, it seems to me. Well, isn't that what the district court said? There was an absence of corroboration of the plaintiff's testimony that it was visible and apparent. The district ---- I think that's what the district court said. Well, what the district court did not do is say that the plaintiff ---- that there has to be corroboration, that there's no corroborating rule. In this case, the district court simply noted that there is no corroboration. And that's clear from the video and that's clear from the testimony. Why would there need to be corroboration of something? The plaintiff herself said, I saw it. So that seems to me creates an issue for the jury to decide whether that's true or not and how visible it was or wasn't and how long it was on the floor, et cetera, et cetera, et cetera. Only insofar as the first prong of the district court's analysis, whether it was there for 45 minutes or not, but not as to whether it was visible or apparent. How could she see it if it wasn't visible and apparent? She didn't. If she said, I saw it, it must have been visible, right? I mean, she may not have seen it later when she fell in it, but that's neither here nor there. She's saying she saw it at the time, I mean, not at the time, 40 to 45 minutes later. I mean, it's direct evidence of visible and apparent. It's visible. I can see it. That's what it means. But nobody saw it later? What do you mean? I mean, after the accident, of course. Yeah. Okay. No, I don't mean it's misleading. There was no corroboration. There were no other customers or even the son, for that matter, who said, you know what, I saw that liquid on the floor there 40 minutes ago or half an hour ago or 20 minutes ago. No one did that. That's certainly true. The question is, it almost seems to me like the district court was making a credibility determination. She might be right that the plaintiff is not a credible person, but it almost feels like it's a credibility determination. Well, no one else saw it, and you didn't see it when you slipped in it, so therefore you must not have seen it. It's kind of circular. Even if the plaintiff's testimony is taken as true, it does not establish that target was unreasonable or negligent in its conduct or behavior and not noticing a half a cup of water on a clear floor. But the plaintiff doesn't have to establish that for purposes of getting past summary judgment. All she has to do is create an issue of fact or warning a trial. Now, at trial she would have to establish it to the satisfaction of a jury. That's true. But we're not talking about that right now. Right now we're only talking about whether she gets a trial. But simply saying that I saw a cup of clear water, a half a cup of clear water on a floor, does not make it visible and apparent under the circumstances of the video that's before this court and all of the traffic that was there. It simply is. . . I looked at the video. It seems like the video is not really conclusive one way or the other. It's true. Nobody slips in it and it doesn't show it. But if you're talking about a clear liquid on a white floor, it might be difficult to see in a video taken from a distance, but less difficult to see from five feet or five and a half feet, however tall this person was. In that context, I would suggest that this case is then similar to the case of a crowded dance floor because there is such traffic, and even if it was there beforehand, in our case here, this water is less perceptible, not noticeable, than the Cantalupo case. So I think we compare. . . Your argument based on Cantalupo is not frivolous. It's not a frivolous argument. But Cantalupo is very different factually, right? You've got all these people dancing around on a dance floor obscuring something. So let's say the video here showed a family, a mom and dad and three children in a shopping cart in that shopping lane for 45 minutes. I mean, it's not what it shows. But maybe if that were the case, well, then you'd have an obscuring situation similar to Cantalupo. I'm not saying your argument is frivolous, but the facts are quite different, that's all. Indeed, I would rather focus on how this case comfortably fits with all of the other department store cases that are before this Court. And I think in comparison, in terms of a summary judgment decision, the only argument that the plaintiff has is that the plaintiff saw and made an offhanded remark 45 minutes beforehand, and it requires an assumption that it's the same water, or given the plaintiff that inference. You can assume anything. I mean, the question is, is that statement enough to get a trial? We would suggest that there should be some other evidence besides a plaintiff's simple statement offered at that position. That seems to me to be the issue here. What about the . . . what do you do with the statement by the district court saying that, with regard to the observation of the water after the accident, although the court construes the facts in plaintiff's favor, other evidence in the record, including plaintiff's own testimony, that she did not see the liquid immediately before she slipped in it belies the visibility of the liquid. So the judge used the fact that she didn't see the liquid before she slipped to, in effect, contradict her earlier statement that she saw it. And there's an explanation for why she didn't see it before she slipped. She wasn't looking for it. It wasn't looking down. So how can you justify . . . can you defend what the court did under those circumstances, Yes, given the nature of all of the other circumstances, I would say that the district court was not going off on a tangent or . . . Well, the district court was saying that the fact the plaintiff didn't see it just before she slipped belies the fact that it was evident that she saw it before, that there was sufficient . . . that the liquid was visible before. And we have a contrary . . . you know, we have a response to that. She wasn't looking. She didn't see it the second time when she fell. Right. And we know . . . All we have here is the slimmest of statements, and I think the district court properly addressed that given the circumstances. But if your adversary characterizes New York law as saying visible and apparent means capable of being seen, if he's right about that articulation, isn't it enough that she said, I saw it 45 minutes earlier? Unless you're within circumstances quite similar to Contalupo, where there are so many people crowded on the floor that even if one person could see it, other people could not. Not to quibble, Your Honor, but clear liquid on a very white floor under bright lights might be visible, but I would not agree that it is necessarily half a cup of that is apparent, and I think that's the distinction. Unless there are any further questions, thank you for your time. I don't have much to add. I just wanted to point one thing out. The Alexander case, which is a southern district case from 2002, specifically said that a reasonable inference should be drawn in favor of the non-moving party, that the same puddle seen before the accident was the same puddle involved in the accident, and that there's no evidence that it was cleaned up in between. So I just wanted to add that. Thank you. Thank you both. Well argued.